UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

**Kevin Smith**, # 164920,
(*aka* Bar-None-Royal Blackness)

Plaintiff,

vs.

~~Esther Quattlebum~~; Jon E. Ozmint; Robert E. Ward; James E. Sligh; John Lunden; David Tatarski; ~~Dennis Dunlap~~; ~~J. C. Brown~~; Bernard McKie; Vaughn Jackson; Gary Lane; Charles Amaker; Robert Espisito; H. Boatman; J. Peck; Veronica Smith; ~~Denise Cannarella~~; Glen Alewine; RN Brett; William Litrell; Ned Cooper; Larry Kong, of American Amenities Inc.; AEDEC International Inc.; and ~~Henry McMaster~~, In their Official/Individual Capacity,

Defendants.

C/A No. 0:07-3644-PMD-BM

Report and Recommendation
(Partial Summary Dismissal)

---

This is a civil action filed *pro se* by a state prison inmate who has struck out under the three-strikes rule of the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915(g).[1] Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

---

[1] It is clear that this prisoner has previously filed three frivolous civil actions in this Court in which strikes were entered against him. *See*, *e. g.*,, *Smith v. Bessinger*, Civil Action No. 0:97-0051; *Smith v. Rutherford*, 0:97-1201; *Smith v. Williams*, Civil Action No. 0:97-1918; *Smith v. Rouse*, Civil Action No. 0:96-1900.



*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Even considered under this less stringent standard, however, many of the allegations contained in the Complaint filed in this case are subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) and (g). The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

In his forty-nine-page Complaint, Plaintiff complains about many of the conditions of his confinement in the Maximum Security Unit (MSU) at the Kirkland Correctional Institution. The Complaint contains allegations about inadequate library usage, denial of access to courts, past excessive force, and religious-freedom violations. It also contains allegations about no-sunlight in the MSU, about the Department of Corrections allegedly giving prisoners Chinese-made hygiene products that contain chemicals found in anti-freeze, and about sleep deprivation caused by 24-hour lights and noise created by mentally ill fellow-inmates. In reviewing these allegations, the undersigned finds that the allegations about no-sunlight in the MSU, about the Department of Corrections allegedly giving prisoners Chinese-made hygiene products that contain chemicals found in anti-freeze, and about sleep deprivation caused by 24-hour lights and noise created by mentally ill fellow-inmates, are couched in present-day, continuing language, and may be liberally construed as expressing a reasonable fear in the Plaintiff of "imminent danger of serious physical injury." *See*





*Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001). Plaintiff indicates that he has placed the Defendants on notice and that he is suffering rashes, swelling, and pain and believes he has developed "toxicosis" from the contaminated products. He also alleges fatigue and sleeplessness. However, a review of the Complaint discloses that only some of the twenty-one named Defendants are arguably included within these allegations but that others are clearly not included in such allegations.

**Analysis**

As stated above, Plaintiff is struck out under the PLRA's three-strike rule. The "three-strikes rule" is a Congressional enactment that applies nationwide, and was not a judicially-created rule. By enacting the statute in which the rule is established, Congress determined that, except under very limited circumstances, prisoners, such as the Plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation. *See* 28 U.S.C. § 1915(g); *Green v. Nottingham*, 90 F.3d 415, 417-20 (10th Cir. 1996) (three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively); *cf. In re Sargent*, 136 F.3d 349 (4th Cir. 1998). As a result, only those allegations in his Complaint that might be liberally construed as stating an "imminent threat of serious physical injury" to Plaintiff may be served unless Plaintiff pays the full filing fee of $ 350.00 in this case. *See* 28 U.S.C. § 1915(g).

The United States Courts of Appeals have held that in using the present tense in § 1915(g) and also the term "imminent" (meaning "impending"), Congress intended that "the danger must exist at the time the complaint is filed." Also, the appeals courts have ruled that the imminent danger exception does not apply to harms that have already occurred. *See, e. g., Malik v. McGinnis*, 293 F. 3d 559, 561-62 (8th Cir. 2002)(citing *Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 323 (3rd Cir. 2001)); *Medberry v. Butler*, 185 F. 3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F. 3d 883,





884 (5th Cir. 1998). Because the only allegations contained in Plaintiff's Complaint that may be construed as falling within the imminent danger exception are those about no-sunlight in the MSU, about the Department of Corrections allegedly giving prisoners Chinese-made hygiene products that contain chemicals found in anti-freeze, and about sleep deprivation caused by 24-hour lights and noise created by mentally ill fellow-inmates, all other claims of unconstitutionality raised by the Plaintiff in his Complaint must be dismissed since Plaintiff in proceeding *in forma pauperis* in this case.

Furthermore, since the allegations about no-sunlight in the MSU, about the Department of Corrections allegedly giving prisoners Chinese-made hygiene products that contain chemicals found in anti-freeze, and about sleep deprivation caused by 24-hour lights and noise created by mentally ill fellow-inmates include only certain named Defendants, those Defendants not so included should be dismissed from the case without any service of the Complaint on them. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs*., 901 F.2d at 389 n. 2 (dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ*., 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir. Feb. 18, 2003). The Defendants against whom the Complaint should be dismissed are: Ester Quattlebaum, Dennis Dunlap, J. C. Brown, Veronica Smith, Denise Cannarella, and Henry McMaster. The Complaint should not be served on these Defendants without Plaintiff's payment of the full $ 350.00 filing fee because the only wrongdoing alleged against them is in the past or does not otherwise fall under the three-strikes imminent danger exception.





**Recommendation**

Accordingly, it is recommended that the Defendants Ester Quattlebaum, Dennis Dunlap, J. C. Brown, Veronica Smith, Denise Cannarella, and Henry McMaster be dismissed as party Defendants in this case. It is further recommended that to the extent Plaintiff's Complaint contains claims based on any allegations other than those about no-sunlight in the MSU, about the Department of Corrections allegedly giving prisoners Chinese-made hygiene products that contain chemicals found in anti-freeze, and about sleep deprivation caused by 24-hour lights and noise created by mentally ill fellow-inmates, that those claims be dismissed, without prejudice, under the three strikes rule of § 1915(g). *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

The Complaint should be served on all Defendants except those mentioned above as subject to dismissal, and the served Defendants should file answers only as to Plaintiff's claims of no-sunlight in the MSU, about the Department of Corrections allegedly giving prisoners Chinese-made hygiene products that contain chemicals found in anti-freeze, and about sleep deprivation caused by 24-hour lights and noise created by mentally ill fellow-inmates. An Order to that effect is being





issued contemporaneously with this Report.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

January 7, 2008
Columbia, South Carolina





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

