IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Smith, #164290, <br> (*aka* Bar-None-Royal Blackness), <br><br> Plaintiff, <br><br> v. <br><br> ~~Esther Quattlebaum~~; Jon E. Ozmint; Robert E. Ward; James E. Sligh; John Lunden; David Tatarski; ~~Dennis Dunlap~~; ~~J.C. Brown~~; Bernard McKie; Vaughn Jackson; Gary Lane; Charkes Amaker; ~~Robert Espisito~~; ~~H. Boatman~~; J. Peck; ~~Veronica Smith~~; ~~Denise Cannarella~~; Glen Alewine; RN Brett; William Litrell; Ned Cooper; American Amenities, Inc.; ~~AEDEC International Inc.~~; and ~~Henry McMaster~~, in their official/individual capacity, <br><br> Defendants. | C.A. No.:0:07-3644-PMD-BM |

Proceeding *pro se*, Plaintiff Kevin Smith a/k/a Bar-None-Royal Blackness ("Plaintiff"), a frequent filer in this court, filed a Complaint pursuant to 42 U.S.C. § 1983 on or about November 7, 2007. On January 7, 2008, Magistrate Judge Bristow Marchant issued a Report and Recommendation ("R&R") that recommended Defendants Esther Quattlebaum, Dennis Dunlap, J.C. Brown, Veronica Smith, Denise Cannarella, and Henry McMaster be dismissed as party defendants in this case. Magistrate Judge Marchant further recommended that Plaintiff's Complaint be dismissed without prejudice pursuant to the three-strikes rule of 28 U.S.C. § 1915(g), with the exception of claims based on allegations concerning the lack of sunlight in the Maximum Security Unit ("MSU"), about the Department of Corrections giving prisoners Chinese-made hygiene products that contain chemicals found in antifreeze, and about sleep

deprivation caused by twenty-four-hour lights and noise created by mentally ill fellow inmates. A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections to the R&R.

## BACKGROUND

Before reaching Plaintiff's objections, it is helpful to first summarize the allegations Plaintiff makes in his Complaint. In his first claim, Plaintiff asserts that certain defendants have distributed contaminated hygiene products from China to him and other prisoners. Claim Number Two alleges that certain Defendants used excessive force against Plaintiff and failed to protect him from inmate assaults. Plaintiff also alleges medical treatment for his injuries was delayed by two to three hours and that he remained in pain until he had surgery three months later. (*See* Compl. at 14-15.) Plaintiff's third cause of action alleges that he is subjected to 24-hour illumination of his cell such that he is deprived of sleep, leaving him disoriented, fatigued, and mentally exhausted. (*Id*. at 15.) Plaintiff's fourth cause of action alleges that he is intentionally being subjected to excessive noise pollution from the MSU security guards and that the noise is interfering with his sleep. (*Id*. at 17.) In Claim Number Five, Plaintiff alleges that he is exposed to the health problems of mentally ill MSU prisoners in the form of constant screaming, loud banging, and fecal smearing and that such exposure violates his Eighth Amendment rights because of the resulting uncleanliness and sleep deprivation. (*Id*.) Claim Six alleges that on March 29, 2006, when chemical munitions entered his cell, causing breathing problems and skin inflammation, he was denied medical treatment. (*Id*. at 18.)

In Cause of Action Number Seven, Plaintiff speaks about the use of a steel restraint chair, asserting prisoners are threatened with death and beaten while in this chair. In his Objections,

Plaintiff attached an article describing how several inmates (in other institutions) and other individuals have died either while in the chair or very shortly after being removed from the chair. Plaintiff does not seem to allege he ever has been or is continuously placed in this chair. The eighth cause of action complains about the fact that the South Carolina Department of Corrections performs fire drills for inmates, but not those inmates incarcerated where Plaintiff is incarcerated, in the Maximum Security Unit. He also alleges that he is subjected to unsafe conditions during transportation, in that he would not be able to escape a burning vehicle in the event of an accident as a result of the manner in which he is secured in that vehicle. (Compl. at 21.) Plaintiff's ninth cause of action asserts that there is inadequate and faulty electrical wiring in the MSU at Kirkland Correctional Institution, where he is confined. Within this cause of action, he also alleges certain Defendants falsified incident and disciplinary reports as well as medical records. In Claim Number Ten, Plaintiff asserts he is being denied religious correspondence as well as prayer oil.

In Claim Eleven, Plaintiff asserts he has been denied access to the courts because his access to the law library and law books has been limited, and in Claim Twelve, he asserts Defendant Quattlebaum is unlawfully withholding his legal documents. Claim Thirteen alleges that the hallways of the MSU are covered in mold and that Plaintiff is housed in his cell twenty-three to twenty-four hours a day where mold is growing. In Claim Fourteen, Plaintiff alleges he was subjected to a sexual assault by two Defendants, and in Claim Fifteen, he alleges he is exposed to rodents, vermin, and dead birds and that he is denied gloves for handling chemicals when he is cleaning his cell. Plaintiff alleges in Claim Sixteen that he has been deprived of sunlight in his cell, and Claim Seventeen asserts certain Defendants informed him he was eligible for parole, but he recently received a letter indicating he was not eligible. Finally, Claim Eighteen complains about

the use of a "dog leash" when Plaintiff is being moved out of his cell, and Claim Nineteen seems to be a reassertion of all previous eighteen claims.

In the R&R, Magistrate Judge Marchant determined that Plaintiff had struck-out under the three-strikes rule of § 1915(g). (R&R at 3.) As a result, he concluded only certain claims could go forward:

> In reviewing [Plaintiff's] allegations, the undersigned finds that the allegations about no-sunlight in the MSU, about the Department of Corrections allegedly giving prisoners Chinese-made hygiene products that contain chemicals found in anti-freeze, and about sleep deprivation caused by 24-hour lights and noise created by mentally ill fellow-inmates, are couched in present-day, continuing language, and may be liberally construed as expressing a reasonable fear in the Plaintiff of "imminent danger of serious physical injury."

(R&R at 2.) The Magistrate Judge also recommended certain Defendants be dismissed. Specifically, he recommended Defendants Quattlebaum, Dunlap, Brown, Smith, Cannarella, and McMaster be dismissed because there are no allegations against these Defendants in the causes of action the Magistrate Judge recommends should go forward. Plaintiff has filed Objections to these recommendations.

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. However, the court modifies the R&R to allow one additional claim to go forward: Claim Thirteen. The court also dismisses three additional Defendants: Defendant Espisito, AEDEC International Inc., and Boatman.

4

## ANALYSIS

Plaintiff has filed four Objections to the R&R. For ease of discussion, however, the court groups similar objections.

**Objection Nos. 1 and 2: The Magistrate Judge erred in determining Plaintiff failed to set forth a cognizable claim with respect to Claim Numbers 2, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, and 19, and the Magistrate Judge erred in recommending dismissal of these claims pursuant to § 1915(g).**

Plaintiff asserts that all nineteen of his claims are cognizable and that the Magistrate Judge thus erred in determining otherwise. Furthermore, while Plaintiff acknowledges he has struck-out, he asserts none of his claims should be dismissed pursuant to § 1915(g) because they all fit within the "imminent danger of serious physical injury" exception. Although Plaintiff never explicitly states as much, he seems to argue that the court should not dismiss his claims pursuant to § 1915(g) because they are meritorious.

Congress passed the Prison Litigation Reform Act (the "PLRA") in 1996 to reduce the number of frivolous lawsuits "that were threatening to overwhelm the capacity of the federal judiciary." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 676 (4th Cir. 2005). One provision of the PLRA is the "three strikes" provision, which "prohibits a prisoner who has filed three previous suits that were dismissed on specified grounds from proceeding *in forma pauperis* in subsequent suits." *Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006). This provision states,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision does not prohibit a prisoner from bringing suit; it merely

5

requires certain prisoners to prepay all filing fees in full. *See Green*, 454 F.3d at 407.

Plaintiff acknowledges § 1915(g) applies but argues his claims satisfy the "imminent danger of serious physical injury" exception. Thus, because § 1915(g) applies, the court need not reach the substantive legal issues presented in Plaintiff's Complaint unless his claims fit under the exception. *See Staley v. Yu*, No. 9:07-159-PMC-GCK, 2007 WL 1149874, at *2 (D.S.C. Apr. 11, 2007). As the Fourth Circuit has explained, albeit in an unpublished opinion, once a prisoner has three strikes,

> the question before the district court [is] whether [the prisoner] showed that he was in imminent danger of serious physical harm either when he filed his complaint or at some time thereafter. The exception focuses on the risk that the conduct complained of threatens continuing or future injury, *not whether the inmate deserves a remedy for past misconduct*.

*Johnson v. Warner*, 200 Fed. App'x 270, 272 (4th Cir. 2006) (internal quotation marks and citations omitted) (emphasis added). The question before this court is not whether Plaintiff's claims have merit or whether they could withstand a Motion to Dismiss; rather, the question is whether the conduct complained of fits within the "imminent danger of serious physical injury" exception. *See Cannell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) ("Under . . . § 1915(g), . . . whether dismissal is warranted does not depend upon the merits of the case being brought; certain parties are simply barred from bringing certain actions.").

The court must thus determine whether, as Plaintiff asserts, any of his causes of action (other than claims 1, 3, 5, and 16) fall within the "imminent danger of serious physical injury" exception. As a preliminary matter, the court has examined the allegations of claims 1, 3, 5, and 16 and agrees with the Magistrate Judge that these causes of action should go forward, as they fit within the exception. As Magistrate Judge Marchant noted in the R&R, this exception does not apply to past harm–the exception "focuses on the risk that the conduct complained of threatens continuing or

future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see also Johnson*, 200 Fed. App'x at 272; *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) . . .").

Several of Plaintiff's claims cannot go forward because they plainly allege only past misconduct: Claims Two, Six, Nine, and Fourteen. Several others do not allege physical injury and thus cannot go forward: Claims Four, Ten, Eleven, Twelve, and Seventeen.[1] While Claim Eight alleges the risk of serious physical injury, the court concludes Plaintiff has not alleged the *imminent* risk of serious physical harm; for a similar reason, the court concludes Claim Fifteen does not fit within the exception. Claim Eighteen must also be dismissed, for while the use of a dog leash on Plaintiff may be humiliating, such a result does not bring the conduct alleged within the exception. *See King v. Livingston*, No. C.A. C-06-145, 2006 WL 2192846, at *2 (S.D. Tex. Aug. 1, 2006). The court also dismisses Claim Nineteen, as it concludes that claim does not fit within the exception.

As noted above, Claim Seven concerns the alleged use of a steel restraint chair. Plaintiff, however, has not alleged that he has ever even been placed in this chair; the allegations appear to be made on behalf of "prisoners." Plaintiff has thus not alleged he is in imminent danger of serious physical harm, and this claim cannot go forward. However, construing Plaintiff's complaint liberally as is required for a *pro se* litigant, the court concludes Claim Thirteen falls within the

---

[1] While Claim Four seems related to Claim Five in that both contain allegations of noise pollution, the court concludes Claim Four does not fit within the "imminent risk of serious physical injury" exception as Plaintiff is merely complaining that prison guards are talking loudly and interfering with his sleep.

7

exception. In that cause of action, Plaintiff alleges the hallways of the MSU as well as Plaintiff's cell are covered in mold. *Cf. Polanco v. Hopkins*, No. 03-CV-6661-CJS(F), 2007 WL 914023, at *5 (W.D.N.Y. March 23, 2007) (finding the plaintiff's complaint "does not raise any allegation that could be considered showing him in imminent danger, since he was no longer being exposed to the moldy shower"). The court therefore modifies the R&R such that the following claims proceed: Claims One, Three, Five, Thirteen, and Sixteen. The court concludes the remaining claims must be dismissed as they do not fall with the exception provided in § 1915(g).

**Objection Nos. 3 and 4: The Magistrate Judge erred in recommending certain Defendants be dismissed prior to their filing an answer. Plaintiff specifically objects to the recommendation that Defendants Quattlebaum, Dunlap, Brown, Smith, Cannarella, and McMaster be dismissed.**

Magistrate Judge Marchant recommended dismissing the following Defendants: Esther Quattlebaum, Dennis Dunlap, J.C. Brown, Veronica Smith, Denise Cannarella, and Henry McMaster. Plaintiff objects to this recommendation, asserting that all Defendants should be required to file an answer. Plaintiff seems to argue that pursuant to Rules 4(a) and 83 of the Federal Rules of Civil Procedure, the court cannot dismiss a defendant without the defendant first filing an answer.

The court rejects Plaintiff's argument. Congress has specifically provided for such a dismissal in 28 U.S.C. § 1915A, which provides in relevant part,

> **(a) Screening**.–The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > **(2)** seeks monetary relief from a defendant who is immune from such relief.

Rule 4(a) does not provide otherwise; it simply delineates what information a summons must contain and indicates that the court may permit a summons to be amended. *See* Fed. R. Civ. P. 4(a). Nor does Rule 83 suggest that these Defendants should not be dismissed; Rule 83 concerns the local rules adopted by district courts. *See* Fed. R. Civ. P. 83.

The court thus concludes the Magistrate Judge properly determined that certain defendants should be dismissed from the case, and the court further agrees with the Magistrate Judge's recommendation concerning which defendants should be so dismissed. Defendant Quattlebaum should be dismissed because the only allegation against this defendant is that she is still withholding Plaintiff's legal papers. Because Plaintiff's claim concerning this alleged incident do not fit within the § 1915(g) exception, there is no need to serve this defendant. Defendants Dunlap and Smith are properly dismissed because the only allegations against them concern parole eligibility, a claim that has been dismissed. The allegations against Defendant Cannarella concern past misconduct and are not related to any surviving claim; the court thus dismisses Defendant Cannarella. Plaintiff also seeks to sue Henry McMaster, the Attorney General of the State of South Carolina. As South Carolina's Attorney General, McMaster is the state's chief criminal prosecutor, chief legal officer, and securities commissioner. Plaintiff seems to assert McMaster can be held liable simply because Plaintiff wrote a letter to him, but in any event, all of the allegations to which McMaster had notice have been dismissed. For this reason, the court concludes the Magistrate Judge properly recommended Defendants Quattlebaum, Dunlap, Brown, Smith, Cannarella, and McMaster be dismissed. Plaintiff's objections are thus without merit.

Having carefully reviewed the Complaint, the court also concludes Defendants Espisito, AEDEC, and Boatman must be dismissed because no allegations against them remain after the court

dismissed several of Plaintiff's claims. Plaintiff's allegations against Defendants Espisito and Boatman concern only past conduct, and Defendant AEDEC must be dismissed because Plaintiff's claim concerning the use of the steel restraint chair has been dismissed. For this reason, the court also dismisses Defendants Espisito, AEDEC, and Boatman.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Defendants Esther Quattlebaum, Dennis Dunlap, J.C. Brown, Veronica Smith, Denise Cannarella, Henry McMaster, Robert Espisito, AEDEC International Inc., and H. Boatman are dismissed as party Defendants. It is further **ORDERED** that the following claims are dismissed without prejudice: Claims Two, Four, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Fourteen, Fifteen, Seventeen, Eighteen, and Nineteen.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**April 23, 2008**