**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Kevin Smith, #164920, (a/k/a Bar-None-Royal Blackness, ) | ) CIVIL ACTION NO. 9:07-3644-PMD-BM |
| Plaintiff, ) | ) |
| v. ) | ) **REPORT AND RECOMMENDATION** |
| Jon E. Ozmint; Robert E. Ward; E. Sligh; John Lunden; David Tatarski; Bernard McKie; Vaughn Jackson; Gary Lane; Charles Amaker; J. Peck; Glen Alewine; William Litrell; Ned Cooper; Larry Kong, of American Amenities, Inc.; American Amenities and Brent A. Mills, ) | |
| Defendants. ) | |

This is a civil action filed pro se by a state prison inmate who has struck out under the three-strikes rule of the Prison Litigation Reform Act (PLRA). see 28 U.S.C. § 1915(g). Plaintiff's original forty nine page complaint, filed pursuant to 42 U.S.C. § 1983, contained allegations concerning the conditions of his confinement in the maximum security unit (MSU) at the Kirkland Correctional Institution (KCI). However, given Plaintiff's "struck-out" status, the only claims Plaintiff was allowed to pursue were his allegations about no sunlight in the MSU, about the Department of Corrections allegedly giving prisoners Chinese made hygiene products that contain chemicals found in anti freeze, about sleep depravation caused by twenty four hour lights and noise created by mentally ill fellow inmates, and about the hallways and Plaintiff's cell being covered in mold. See Court Docket Nos. 14, 53.

The Defendants Larry Kong and American Amenities, Inc. are two of the Defendants

1



against whom service has been authorized. See also Court Docket No. 90. These two Defendants filed a motion for summary judgment pursuant to Rule 56, F.R.C.P. on August 4, 2008, asserting that they are entitled to dismissal as party Defendants because they are not state actors against whom the Plaintiff may bring a lawsuit pursuant to §1983. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on August 5, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted.[1] Plaintiff thereafter filed a memorandum in opposition to these Defendants' motion, as well as his own motion styled as a "motion for summary judgment" against these Defendants. See Court Docket Nos. 128, 129. These Defendants filed a response to Plaintiff's motion on October 17, 2008. (Court Docket No. 133).[2]

Defendants' motion is now before the Court for disposition.[3]

---

[1] These Defendants had also filed a motion to stay discovery pending resolution of their motion. However, in an Order issued September 3, 2008, this motion was denied to the extent Plaintiff sought discovery on the issue of whether these Defendants are "state actors" for purposes of his claims. see Court Docket Nos. 114 and 116. See also Court Docket Nos. 126 and 136.

[2] These Defendants subsequently filed a second motion for summary judgment which addressed Plaintiff's claims on the merits. However, as Plaintiff had only been allowed to pursue discovery on the issue of whether these Defendants are "state actors", that motion was mooted, with Defendants being advised that they would be afforded the opportunity to file another motion for summary judgment after discovery had been completed in the event their pending motion for summary judgment was denied. see Court Docket Nos. 138, 141. Although Plaintiff filed two responses to these Defendants second motion for summary judgment, since that motion was mooted, the undersigned has only considered Plaintiff's filings to the extent they contain any information and/or exhibits addressing the question of whether these two Defendants should be deemed "state actors" for purposes of Plaintiff's claim.

[3] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants American Amenities, Inc. and Larry Kong have
(continued...)



**Background and Evidence**

Plaintiff alleges in his verified complaint[4] that he is a state prisoner housed in the maximum security unit of the Kirkland Correctional Institution. With respect to the claims which have been allowed to go forward and which involve these two Defendants, Plaintiff alleges that the Defendant American Amenities, Inc. is the exclusive distributor of "spring fresh" hygiene products (toothpaste and deodorant), which is imported from China. Plaintiff alleges that the Department of Corrections has purchased these products for distribution to prisoners. Plaintiff alleges that these hygiene products are "contaminated" and contain poisonous chemicals used in antifreeze. Plaintiff also alleges that the Food and Drug Administration has issued a nationwide consumer health alert warning all U. S. Citizens to discontinue the use of "all" toothpaste and hygiene products from China because of their possible contamination from this substance. Plaintiff alleges that the Defendant American Amenities, Inc. has exhibited deliberate indifference towards his health and safety by selling and/or distributing these products to the Department of Corrections for use in the prison.

Plaintiff alleges that he has placed the Department of Corrections on notice through the filing of two request to staff member forms dated June 6, 2007 and July 11, 2007 regarding the distribution of these contaminated hygiene products to prisoners, and that he placed the Defendant American Amenities, Inc. on notice of this problem in a notarized letter dated June 20, 2007.  see

---

[3](...continued)
filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[4]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

3



Court Docket #128-2, p. 20. Plaintiff alleges that despite these notifications the Department of Corrections continues to distribute the contaminated hygiene products to prisoners via the KCI commissary. Plaintiff alleges that, because of his long term usage of these contaminated hygiene products, he has had to receive medical treatment for rashes, chaffing and swelling, and that he is at a serious risk of poisoning from use of these toxic materials. see generally, Verified Complaint pp. 10-12.

Plaintiff further alleges that the Defendant American Amenities, Inc. committed fraud through its false advertising regarding these hygiene products (Spring Fresh toothpaste and deodorant) because they were marketed as being consumer safe and alcohol free, when in fact they contain poisonous chemicals. Plaintiff alleges he has an allergic reaction to alcohol and that he had informed the medical staff at KCI of this condition. Plaintiff alleges that the distribution of the tainted Chinese made products therefore constituted deliberate indifference to his health, safety and medical needs. See Verified Complaint, pp. 12-13.

Plaintiff alleges claims against American Amenities, Inc. as well as Larry Kong, individually, under § 1983 for violation of his constitutional rights because their "continued distribution of these contaminated hygiene products to the Plaintiff [ ] was so reckless, deliberately indifferent towards the health-safety-welfare of the Plaintiff [ ] resulting in the unnecessary wanton infliction of pain upon the Plaintiff caused by exposure [usage] to said contaminated products and medical treatment because of such". Verified Complaint, p. 37. Plaintiff seeks both monetary damages as well as an order preventing the Department of Corrections from distributing these products to prisoners. See generally, Verified Complaint.

In their motion for summary judgment, the Defendants represent to the Court that American Amenities, Inc. is a private entity that sold toiletries to the Department of Corrections, and



4

that Larry Kong is the CEO of American Amenities, Inc.[5] These Defendants argue that, as private entities and/or individuals, they are not subject to suit under § 1983 and are therefore entitled to dismissal as party Defendants in this case. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

---

[5]. Since there is no dispute concerning these representations, the undersigned has accepted these representations for purposes of this motion. However, the Defendants are cautioned that ordinarily mere statements by counsel in a brief do not constitute evidence for purposes of consideration of a summary judgment motion. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment]; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) [there must be evidence on which the fact finder could reasonably find for the Plaintiff]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs or at oral argument are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].



**Discussion**

To state a cause of action under § 1983, Plaintiff must show that the named Defendants deprived him of a federal right, and did so under color of state law. <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980); <u>see</u> also <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]. Where private actors are involved, their activity will generally not be deemed "state action" unless the state has so dominated such activity as to convert it into state action. <u>Debauche v. Trani</u>, 191 F.3 499, 506-507 (4th Cir. 1999), cert denied 529 U.S. 1033 (2000). In making a determination on this issue, the undersigned has considered Plaintiff's allegations to be true for purposes of summary judgment; <u>i.e.</u>, that American Amenities, Inc. is in fact selling defective hygiene products to the Department of Corrections, which the Department has in turn provided to the Plaintiff through the prison commissary, and that Plaintiff has been harmed by these products.

However, even assuming all of these allegations to be true, they do not establish a basis for Plaintiff to pursue claims against these Defendants under § 1983, as there is no basis to find from these allegations that these Defendants are "state actors" for purposes of a § 1983 lawsuit. Specifically, no evidence has been presented to show that these Defendants' actions (the alleged making of a defective product) were due to a "State-enforced custom", were a result of the State conferring "sovereign power" on these Defendants (performing a function which is traditionally the exclusive prerogative of the State), or were the result of a State delegation of its obligations to these Defendants, such as when the State contracts with a private physician to provide medical services directly to prisoners. <u>Plummer v. Valdez</u>, No. 06-1119, 2006 WL 2713784 at * 2 (N.D.Tex. Sept. 21, 2006)[Private company selling products to prison commissary not a state actor]; <u>Goldstein v. Chestnut Ridge Volunteer Fire Co.</u>, 218 F.3d 337, 341-342; <u>see</u> also <u>Andrews v. Federal Homeland</u>



Bank of Atlanta, 998 F.2d 214, 217 (4th Cir. 1993); Peterson v. City of Greenville, 373 U. S. 244, 248 (1963); Adickes v. S. H. Kress & Co., 398 U.S. 144, 171 (1970)[Holding that private entity only acts under color of law if private action was "because of a state-enforced custom"]; West v. Atkins, 487 U.S. 42, 54 (1988)[Physician who treated inmates pursuant to part time contracts was fulfilling the States Eighth Amendment obligations and therefore acted under color of state law]; United Auto Workers v. Gaston Festivals, Inc., 43 F.3d 902, 906 (4th Cir. 1995)[Private actor may be responsible as a state actor if "the function performed [is] traditionally the exclusive prerogative of the State"]. Nor does the Defendants' conduct here fit within the four criteria recognized by the Fourth Circuit Court of Appeals to evaluate whether private conduct constitutes state action, since there is no evidence that the Department of Corrections regulates the Defendant company, it does not provide the Defendants any public benefit or assistance, nor is there any evidence that it regards the Defendants to be state actors. Goldstein, 218 F.3d at 343.

In his material filed in opposition to summary judgment for these Defendants, Plaintiff does not provide any evidence or cogent argument as to why the Defendant company or Larry Kong should be deemed state actors. Rather, he instead discusses at length such state law tort concepts as negligence and strict liability, even referencing cases where private entities have been sued in tort under state law, and argues why the Defendants should be held liable for any injuries he has sustained through the use of their product. The question of whether these Defendants may be liable to the Plaintiff under a state tort law concept is not before this Court, however, as Plaintiff has sued these Defendants under 42 U.S.C. § 1983, as allowed under an exception contained in 28 U.S.C. § 1915(g), trying to equate their conduct with state action. This he has failed to do, and his claims against these Defendants should therefore be dismissed, without prejudice. Plaintiff may, of course, attempt to pursue a claim against these Defendants in state court, if he so chooses, but he cannot hold them

7



liable for any damages he has incurred under § 1983.

## **Conclusion**

Based on the foregoing, it is recommended that these Defendants' motion for summary judgment be **granted**, and that they be dismissed as party Defendants in this case, without prejudice. This will allow Plaintiff to pursue a claim against these Defendants in state court under state tort law, should he choose to do so. 28 U.S.C.A. § 1367(d); see also Beck v. Prupis, 162 F.3d 1090, 1099-1100 (11th Cir. 1998)["A dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days"]; Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998)["Section 1367(d) ensures that the plaintiff whose supplement jurisdiction is dismissed has at least thirty days after dismissal to refile in state court."].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 19, 2008

Charleston, South Carolina

8



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

