## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin Smith, # 164920, a/k/a Bar-None Royal Blackness, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: 9:07-3644-PMD-BM |
| v. | ) | |
| | ) | **ORDER** |
| Jon E. Ozmint; Robert E. Ward; E. Sligh; John Lunden; David Tatarski; Bernard McKie; Vaughn Jackson; Gary Lane; Charles Amaker; J. Peck; Glen Alewine; William Litrell; Ned Cooper; Larry Kong; American Amenities, Inc.; and Brent Mills, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court upon the recommendation of the Magistrate Judge that Defendant Larry Kong and American Amenities, Inc.'s Motion for Summary Judgment be granted, and that they be dismissed from the above-captioned case without prejudice. The record contains a Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant, which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1] A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections in response to the R&R. For the reasons set forth herein, Defendants' Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied.

## BACKGROUND

Plaintiff Kevin Smith, a/k/a Bar-None Royal Blackness ("Plaintiff") is currently confined in the maximum security unit at Kirkland Correctional Institution (KCI). Plaintiff has filed a

---

[1] Pursuant to the provisions of Title 28, United States Code, § 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the Magistrate Judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding *pro se*, and submit findings and recommendations to this Court.

lawsuit seeking relief pursuant to 42 U.S.C. § 1983 on a number of claims.  However, due to his "struck-out" status, Plaintiff is only allowed to bring certain claims in this action.  While Plaintiff is still alleging several violations of his constitutional rights in this § 1983 action, the only claim relevant to the matter at hand is his allegation that the South Carolina Department of Corrections (SCDC) provided inmates at KCI with Chinese-manufactured hygiene products which allegedly contained harmful chemicals.

Defendant American Amenities, Inc. is the American distributor of "spring fresh" toothpaste and deodorant, which it imports from China.  SCDC has contracted with American Amenities and its CEO, Defendant Larry Kong, to purchase substantial quantities of "spring fresh" toothpaste and deodorant for inmates in KCI.

Plaintiff alleges that both "spring fresh" toothpaste and deodorant contain harmful chemicals contained in antifreeze, and that the Food and Drug Administration (FDA) has issued a warning against purchasing all Chinese manufactured hygiene products due to a concern about this chemical and the harmful effects it may pose.  Plaintiff filed two Request to Staff forms notifying KCI staff of this problem in June and July 2007, and sent American Amenities a letter notifying them of the problem in June 2007.

Plaintiff alleges that Defendants have engaged in false advertising, because they advertise that their products are safe and alcohol-free, when in fact the products contain alcohol and other harmful chemicals.  Plaintiff alleges that he has an allergic reaction to the products, and that he has suffered rashes and chafing from using the "spring fresh" products.  He asserts that he notified KCI officials, who took no corrective or preventive action to address his health problems.  He ultimately asserts that these actions constitute deliberate indifference to a serious

medical need.  He seeks monetary damages and an injunction against the distribution of "spring fresh" products to SCDC inmates.

American Amenities is a private actor, engaged in the practice of importing foreign toiletries and health care products and distributing them in the United States.  It is a Georgia-based private company, and is not run by any state or federal government.  Therefore, Defendants have filed a Motion for Summary Judgment, asserting that since they are entirely private actors, they are not subject to suit under § 1983.  This Motion was filed on August 4, 2008.  Plaintiff filed a Response in Opposition to Defendants' Motion on September 29.  Plaintiff filed a Motion for Summary Judgment of his own on that same date, to which Defendants filed a Response in Opposition on October 17.

The Magistrate Judge recommended that this Court grant Defendants' Motion for Summary Judgment, on the grounds that both American Amenities and Kong were not state actors and were not acting under color of state law, and therefore could not be held liable under § 1983.  Plaintiff filed an Objection to the Magistrate Judge's R&R on December 31.

## STANDARD OF REVIEW

### I.     Magistrate Judge's Report & Recommendation

Magistrate Judges are empowered by statute to preside over pretrial matters on appointment by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  Where, as here, a Magistrate Judge is "assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement. . .[t]he magistrate judge shall enter into the record a recommendation for disposition of the matter."  Fed. R. Civ. P. 72(b).  The recommendation has no presumptive weight, and the

responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976).

Under Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), a District Court evaluating a Magistrate Judge's recommendation is permitted to adopt those portions of the recommendation to which no "specific, written objection" is made, as long as those sections are not clearly erroneous or contrary to law. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, where a party makes a specific, written objection within ten days of being served with a copy of the report, the district court is required to make a *de novo* determination regarding those parts of the report, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court has reviewed the entire record, the R&R, and Plaintiff's Objections. The Magistrate Judge fairly and accurately summarized the facts in this case and this Court incorporates the R&R's recitation of the facts by specific reference.

## II.     Summary Judgment

To grant a party's motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence but rather to determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion,

4

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.' " *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)).  Summary judgment is not "a disfavored procedural shortcut" but an important mechanism for weeding out "claims and defenses [that] have no factual bases."  *Celotex*, 477 U.S. at 327.

## ANALYSIS

Section 1983 authorizes lawsuits for monetary damages or injunctive relief against those acting under the color of state law who violate a citizen's constitutional rights.  Inmates such as Plaintiff may seek relief under this statute if the conditions of their confinement are so severe that they violate the inmate's constitutional rights.

In the present case, Plaintiff asserts that the "spring fresh" toothpaste and deodorant contain dangerous chemicals that cause him allergic reactions, which he asserts constitutes deliberate indifference to his serious medical needs.  However, actions taken by a private individual or corporation are generally not deemed to be the actions of a state actor for § 1983 purposes unless the state has so directed or dominated the activity that it functionally becomes a state action.  *Debauche v. Trani*, 191 F.3d 499, 506-07 (4th Cir. 1999), *cert. denied* 529 U.S. 1033 (2000).  A private actor may be held liable under § 1983 if it performs a private action "because of a state-enforced custom," *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 171 (1970), or if "the function performed [is] traditionally the exclusive prerogative of the state."  *United Auto Workers v. Gaston Festivals, Inc.*, 43 F.3d 902, 906 (4th Cir. 1995).  The Fourth Circuit has

outlined the situations in which a private actor may be said to be a state actor for § 1983

purposes:

> A handful of contexts have been identified in which we can be confident that the conduct of an ostensibly private actor is under color of law for purposes of section 1983. The first exists where, " 'in light of all the circumstances,' . . . the Government did more than adopt a passive position toward the underlying private conduct." In that situation, a "private party should be deemed an agent or instrumentality of the Government." Second, if the state delegates its obligations to a private actors, the acts conducted in pursuit of those delegated obligations are under color of law. Third, "[o]ne of the paradigmatic means by which a private party becomes subject to section 1983 is through the government's conferral upon that party of what is, at core, sovereign power." In other words, a private actor is responsible as a state actor if "the function performed [is] traditionally the exclusive prerogative of the State." Fourth, "private use of . . . challenged state procedures with the help of state officials constitutes state action."

*Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 342 (4th Cir. 2000) (citations

omitted).

Here, even taking all of Plaintiff's allegations as true, Plaintiff's allegations do not fall

under any of these four categories. The government's conduct here was clearly passive, as all

SCDC did was buy toothpaste and deodorant from Defendants. Likewise, Plaintiff has not

alleged that the government delegated any obligations to Defendants, as it is traditionally not an

obligation of the government to manufacture and sell toothpaste and deodorant. Nor did the state

confer any sort of sovereign power upon Defendants. Finally, Plaintiff has not alleged that

Defendants made use of any sort of challenged procedures with the assistance of SCDC.

Since Defendants' actions do not fall under any of the four categories of private conduct

recognized in *Goldstein* that are transformed into state conduct for § 1983 purposes, this Court

must conclude that under federal law, Defendants were not state actors and may therefore not be

the subject of Plaintiff's § 1983 suit. At least one federal court has held that private actors may

not be held liable under § 1983 simply because they provide certain goods to corrections

6

institutions to be distributed to inmates. *Plummer v. Valdez*, 2006 WL 2713784 at *2 (N.D. Tex. Sept. 21, 2006).

In Plaintiff's Objections, he cites to several cases in which private actors have been found to be state actors for § 1983 purposes. However, in all cases cited by Plaintiff, the facts are materially distinct from the facts of the present case. *See, e.g.*, *Dennis v. Sparks*, 449 U.S. 24, 28-29 (1980) (holding that private parties who conspired with a judge in a bribery scheme were state actors for § 1983 purposes because they acted in concert with the judge). While the cases cited by Plaintiff do establish the proposition that in certain circumstances a private actor may be considered a state actor for the purposes of § 1983, they fall far short of providing any support for the proposition that the Defendants in the current matter can be considered state actors. Simply put, the mere act of selling something to a government entity to be distributed to inmates does not render the manufacturer or distributor state actors. To do so would transform each and every case involving the government distribution of a defective product into a constitutional violation, which far exceeds the intended scope and purpose of § 1983.

Plaintiff also largely restates his initial complaint against Defendants, asserting that the toothpaste and deodorant in question was dangerous and harmful. Whether these allegations are true or not are entirely irrelevant to the matter at hand, and are better suited to an action for products liability in state court under state law, as the Magistrate Judge correctly noted.

Accordingly, since Plaintiff has failed to establish an issue of material fact as to whether or not Defendants were state actors subject to being sued under § 1983, those Defendants are not proper parties to this case, and Plaintiff's claims against them fail as a matter of law.

## <u>CONCLUSION</u>

It is, therefore **ORDERED**, for the foregoing reasons that Defendants' Motion for Summary Judgment be **GRANTED**, and Plaintiff's action for civil rights relief pursuant to 42 U.S.C. § 1983 against Defendants American Amenities, Inc. and Larry Kong be **DISMISSED** without prejudice.  It is further **ORDERED**, for the foregoing reasons, that Plaintiff's Motion for Summary Judgment be **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 12, 2009**

8